# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1617V
UNPUBLISHED

DEBORAH ANN DUNATOV,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: August 7, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Robert D. Trzynka, Hovland, Rasmus, Brendtro & Trzynka, Prof. LLC, Sioux Falls, SD, for petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On October 18, 2018, Deborah Ann Dunatov filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination received on October 26, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 25, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 7, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,019.00 (representing $39,500.00 for pain and suffering and $5,519.00 for lost wages). Proffer at

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $45,019.00 (representing $39,500.00 for actual and projected pain and suffering, with projected pain and suffering reduced to net present value, and $5,519.00 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

DEOBRAH ANN DUNATOV,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 18-1617V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 18, 2018, Deborah Ann Dunatov ("petitioner") filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1

to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine

Administration (SIRVA) as a result of an influenza (flu) vaccine administered to her on October

26, 2016. On February 25, 2020, the Chief Special Master issued a Ruling on Entitlement

finding petitioner entitled to compensation.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $39,500.00 in actual and projected

pain and suffering. This amount reflects that the award for projected pain and suffering has been

reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.    Lost Wages

Evidence supplied by petitioner documents petitioner's lost wages as a result of her

vaccine injury. Respondent proffers that petitioner should be awarded lost wages in the amount

of $5,519.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $45,019.00, representing compensation for pain and suffering ($39,500.00), and lost wages ($5,519.00.00), in the form of a check payable to petitioner, Deborah Ann Dunatov.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Deborah Ann Dunatov:

**$45,019.00**

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

/s/ Julia M. Collison
JULIA M. COLLISON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:    (202) 305-0102

Dated:        August 7, 2020